UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMON SCOTT,<br><br>        Petitioner,<br><br>  -against-<br><br>MICHAEL CAPRA,<br><br>        Respondent. | **ORDER**<br><br>23 Civ. 3923 (KMK) (AEK) |

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

  The undersigned is in receipt of a letter from Petitioner, seeking an extension of time to file his reply papers and the appointment of *pro bono* counsel. *See* ECF No. 38.

  **First, Petitioner's request for an extension of time to March 1, 2026 to serve and file his reply papers is GRANTED.**

  Second, with respect to the application for the appointment of *pro bono* counsel, the Court considers the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate. Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Id.* at 61. If an application meets this threshold requirement, the district court must further consider the petitioner's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 61-62.

  Petitioner has not satisfied the *Hodge* factors. First, the Court does not have a sufficient basis to conclude at this point that Petitioner's claims "ha[ve] substantial merit." *Garcia v.*

*USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a strict standard of review for Federal courts reviewing the decisions of State courts: if an application for a writ of habeas corpus is to succeed, the State court proceeding must have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). In addition, a determination of a factual issue made by a State court is presumed to be correct. 28 U.S.C. § 2254(e)(1). While this Court makes no final determination regarding the merits of the Petition at this time, the Court has conducted a preliminary review of the parties' submissions for purposes of resolving the request for appointment of counsel. Based on this initial review, Petitioner's claims do not appear to satisfy the stringent requirements required to obtain habeas relief under the AEDPA, and the Court cannot conclude at this time that Petitioner has made a threshold showing that his claims have substantial merit.

Moreover, at this time, Petitioner also does not satisfy the other factors enumerated in *Hodge*. The second *Hodge* factor concerns Petitioner's ability and efforts to obtain counsel. Petitioner has not shown that he has made any effort to retain *pro bono* counsel to represent him in this matter. In addition, Petitioner fails to demonstrate his qualification under the third *Hodge* factor—an inability to handle the case without assistance. To the contrary, Petitioner has shown in his filings that he is capable of engaging with the law and challenging his incarceration. Petitioner's submissions to the Court do not suggest an inability to proceed in this matter without the assignment of counsel. *See Maxwell v. New York Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) (summary order) ("the district court did not abuse its discretion in denying appointed

2

counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action").[1]

**Accordingly, for the reasons stated above, Petitioner's application for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE.**

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Petitioner.

Dated: November 3, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] A copy of this unpublished decision is attached to this Order.

3

407 Fed.Appx. 524
This case was not selected for
publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Milford Benjamin MAXWELL,
Plaintiff–Counter–Defendant–Appellant,
v.
NEW YORK UNIVERSITY, Christopher Connelly,
Defendants–Counter–Claimants–Appellees.[*]

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

No. 09–2898–cv
|
Dec. 8, 2010.

**Synopsis**
**Background:** Student sued university, claiming that cancellation of his financial aid award violated the Military Selective Service Act (MSSA) and the Americans with Disabilities Act (ADA). The United States District Court for the Southern District of New York, Harold Baer, Jr., J., granted summary judgment against the student, and he appealed.

**Holdings:** The Court of Appeals held that:

student's MSSA claim was barred by his failure to exhaust his administrative remedies;

cancellation of student's financial aid did not violate the ADA; and

denial of pro bono counsel to student was not an abuse of discretion.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

 ***525**  Appeal from the United States District Court for the Southern District of New York (Harold Baer, Jr., Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 3, 2009, is AFFIRMED.

**Attorneys and Law Firms**

Milford Benjamin Maxwell, Brooklyn, NY, pro se.

Nancy Kilson, Associate General Counsel, for Bonnie Brier, General Counsel, New York University, New York, NY, for Appellee.

PRESENT: REENA RAGGI, DEBRA ANN LIVINGSTON and DENNY CHIN, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Milford Benjamin Maxwell, *pro se,* appeals from an award of summary judgment in favor of defendants New York University ("NYU") and Christopher Connelly on plaintiff's claims that NYU's cancellation of his financial aid award for the 2005–06 academic year violated the Military Selective Service Act ("MSSA"), 50 U.S.C. app. § 451 *et seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Maxwell also appeals the district court's denial of his requests for *pro bono* counsel and for an order either holding NYU's counsel in contempt or imposing discovery sanctions based upon NYU's failure to respond to Maxwell's discovery requests. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

 ***526**  1. *Summary Judgment on the MSSA and ADA Claims*

We review an award of summary judgment *de novo,* viewing the facts in the light most favorable to the non-moving party. *See Havey v. Homebound Mortg., Inc.,* 547 F.3d 158, 163 (2d Cir.2008). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also FDIC v. Great Am. Ins. Co.,* 607 F.3d 288, 292 (2d Cir.2010). Summary judgment determines only issues of law and does not impair the right to a jury trial. *See Benjamin v. Traffic Exec. Ass'n E. R.Rs.,* 869 F.2d 107, 115 n. 11 (2d Cir.1989) ("Plaintiffs cannot attack summary judgment decisions as inimicable to the seventh amendment."). Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's grant of summary judgment for substantially the reasons stated by the district court in its thorough and well-reasoned decision.

a. *MSSA*

The district court correctly determined that, under the circumstances of this case, a student who is denied federal financial assistance by an educational institution due to his Selective Service registration status must exhaust his administrative remedies before filing suit in federal court.[1]

[1] Because we conclude that Maxwell's failure to exhaust his administrative remedies precludes suit in federal court, we do not consider whether 50 U.S.C. app. § 462(g) implies a private right of action.

The MSSA provides that a person who is required to register with the Selective Service but fails to do so "shall be ineligible for any form of assistance or benefit provided under title IV of the Higher Education Act of 1965." 50 U.S.C. app. § 462(f)(1). There is an exception to this rule, however, where the registration requirement has become inapplicable—due, for example, to the registrant's age—and the person "shows by a preponderance of the evidence that the failure of the person to register was not a knowing and willful failure to register." *Id.* § 462(g).

The MSSA directs the Department of Education ("DOE") to "issue regulations to implement the requirements of" § 462(f) and to afford any person denied benefits "an opportunity for a hearing to establish his compliance." *Id.* § 462(f)(4). Pursuant to this authority, the DOE has promulgated 34 C.F.R. § 668.37, which sets forth the procedures for determining the eligibility of male students for federal assistance in connection with the Selective Service registration requirement. Educational institutions are responsible in the first instance for determining whether a student who did not register with the Selective Service is nonetheless eligible for federal assistance under § 462(g). *See* 34 C.F.R. § 668.37(d). A student who is denied assistance on the basis of his Selective Service registration status may seek a hearing before the Secretary of Education by filing a request in writing "within the award year for which it was denied ... assistance or within 30 days following the end of the payment period, whichever is later." *Id.* § 668.37(f)(2)(ii). At the hearing, the student "retains the burden of proving compliance, by credible evidence," with the registration requirements. *Id.* § 668.37(f)(3).

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." **\*527** *Woodford v. Ngo,* 548 U.S. 81, 88, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (internal quotation marks omitted). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* at 88–89, 126 S.Ct. 2378 (internal quotation marks omitted); *see also Bastek v. Fed. Crop Ins. Corp.,* 145 F.3d 90, 93 (2d Cir.1998) ("In general, exhaustion of administrative remedies is the rule...."). Where a statute does not explicitly require exhaustion, we must "exercise discretion and balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 94 (internal quotation marks omitted). We have previously described the circumstances under which waiver of the administrative exhaustion requirement may be appropriate:

> Such circumstances occur when (1) requiring exhaustion would occasion undue prejudice to subsequent assertion of a court action; (2) the administrative remedy is inadequate because the agency cannot give effective relief, *e.g.,* (a) it lacks institutional competence to resolve the particular type of issue presented, such as the constitutionality of a statute; (b) the challenge is to the adequacy of the agency procedure itself; or (c) the agency lacks authority to grant the type of relief requested; or (3) the agency

is biased or has predetermined the issue (also known as "futility"). Other circumstances potentially giving rise to a waiver of exhaustion occur when (4) the claim is collateral to a demand for benefits, or (5) plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies.

*Id.* at 94 n. 4 (internal quotation marks, brackets, and citations omitted); *see also United States ex rel. Saint Regis Mohawk Tribe v. President R.C.-St. Regis Mgmt. Co.,* 451 F.3d 44, 50 (2d Cir.2006) ("Where administrative remedies are not prescribed by statute, a plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." (internal quotation marks omitted)).

Upon our independent review of the record, we conclude that the district court correctly analyzed the circumstances surrounding Maxwell's MSSA claim and determined that each of the above criteria weighed in favor of requiring exhaustion of administrative remedies through the DOE under 34 C.F.R. § 668.37 as a necessary prerequisite to bringing his claim in federal court. The fact that application of the administrative exhaustion requirement to this case will preclude judicial review of the merits of Maxwell's claim does not support a contrary conclusion. *See, e.g., McGee v. United States,* 402 U.S. 479, 491, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971) (holding that the failure to exhaust administrative remedies barred defense to criminal charges that defendant was entitled to exemption from Selective Service registration). Accordingly, we conclude that the district court properly granted summary judgment in favor of defendants on Maxwell's MSSA claim.

b. *ADA*

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *see also McInerney v. Rensselaer Polytechnic Inst.,* 505 F.3d 135, 138 (2d Cir.2007) (holding private institution of higher learning is "place of public accommodation" subject to ADA). Upon an independent review of the record, we find no error in the district ***528** court's determination that Maxwell failed to raise a genuine issue of material fact with respect to his ADA claim. Among other things, Maxwell has offered no reason to believe that NYU's actions with respect to his financial aid were taken "on the basis of" his alleged disabilities, 42 U.S.C. § 12182(a), rather than on the basis of his Selective Service registration status. Moreover, disbursement of financial aid to a student who has been determined to be ineligible under federal law is not the kind of "reasonable modification[ ]" in policies that is required under the ADA to accommodate persons with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

2. *Denial of Pro Bono Counsel*

We review the denial of an application for *pro bono* counsel for abuse of discretion. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir.1994) (noting that district courts have "broad discretion" regarding the appointment of counsel for indigent litigants). Here, the district court did not abuse its discretion in denying appointed counsel because Maxwell had demonstrated an ability to file and respond to motions and otherwise to prosecute his action. *See, e.g., Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir.1986) (recognizing "plaintiff's apparent ability to present the case" as factor relevant to need for *pro bono* counsel).

3. *Denial of Discovery Sanctions*

This Court reviews discovery rulings for abuse of discretion. *See Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.,* 157 F.3d 933, 937 (2d Cir.1998). Based on our independent review of the record, we find no abuse of discretion in the district court's ruling that NYU satisfied its discovery obligation to make reasonable efforts to locate and produce responsive documents, as ordered by the district court.

We have considered Maxwell's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.

**All Citations**

407 Fed.Appx. 524, 265 Ed. Law Rep. 951